UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:15-cr-6-FtM-38MRM

MICHAEL EUGENE READ

### **ORDER**[1]

Before the Court is *pro se* Defendant Michael Eugene Read's Motion for Reduction in Sentence, Compassionate Release, or Transfer to Home Confinement (Doc. 95), and the Government's response in opposition (Doc. 97). As best the Court can tell, Read seeks compassionate release to home confinement because of the COVID-19 pandemic. For the below reasons, the Court denies his motion.

### **BACKGROUND**

In November 2015, the Court sentenced Read to 120 months' imprisonment after he pled guilty to distributing and possessing child pornography. (Doc. 54; Doc. 71). He is now incarcerated at Federal Correctional Institution Coleman-Low and projected to be released in three years. (Doc. 97 at 2). He suffers from "numerous age-related ailments which were diagnosed and documented prior to his arrest, and which [his prison] refuses to recognize, address, diagnose, or treat, including chronic sinus infection, allergies, and bronchitis." (Doc. 95 at 1-2). To prove his ailments, he lists medical conditions that certain doctors and medical facilities treated him for before he was incarcerated. (Doc.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

95 at 4). According to Read, his conditions put him "at risk of contracting COVID-19," and the cramped prison conditions are less than ideal. (Doc. 95 at 2, 4). He also says the COVID-19 pandemic has overwhelmed his prison to the point that it lacks resources to implement the Center for Disease Control's recommendations. (Doc. 95 at 4). He thus wants the Court to allow him to finish the rest of his sentence in home confinement or grant him compassionate release.

## DISCUSSION

### A. Court's Authority to Order Home Confinement

Defendant requests that the Court order that his sentence be modified to home confinement. The Government argues that the Court has no authority to order the Bureau of Prisons ("BOP") to place any defendant in home confinement because the location of incarceration is solely the BOP's decision.

There seems little doubt that the location of a defendant's place of incarceration is a determination solely for the BOP, not the courts. "The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]" 18 U.S.C. § 3621(b). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). To make sure courts got the message, § 3621(b) also provides:

> Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person. **Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court.**

18 U.S.C. § 3621(b) (emphasis added). If a court cannot order service of a sentence in a community corrections facility, it seems unlikely a court can order home confinement as the location where the sentence will be served. The Court agrees with the Government that Defendant's request for home confinement falls outside the Court's statutory authority.

This does not end the motion because Defendant has requested that the Court reduce his sentence. This relief does not necessarily involve changing the location of imprisonment, but rather altering the term of imprisonment.

## B. Exhaustion of Administrative Remedies

In the sentencing context, a district court has "no inherent authority" to modify an already imposed imprisonment sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Defendant argues that his sentence may be reduced under § 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction...and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Administrative exhaustion is not the Court's to waive. And the Government has not waived or forfeited the requirement. Of course, the First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the BOP's denial of compassionate release. But it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief.

Here, although Defendant requested compassionate leave from the Warden and received a denial of that request, there is no allegation or showing that he appealed the Warden's decision. This means that no final administrative decision has been rendered. 28 C.F.R. § 571.63(b), (d). Defendant thus has not exhausted his administrative remedies.

Even if Read had exhausted his administrative remedies, he fails to show "extraordinary and compelling" reasons to warrant compassionate release. A reduction for extraordinary and compelling circumstances must be the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). From there, courts rely on U.S.S.G. § 1B1.13, which lists four extraordinary and compelling circumstances: serious medical condition, advanced age and deteriorating health, family circumstances, and other extraordinary and compelling reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

None of the circumstances Read relies on falls within the Commission's policy statement. Even taking as true that Defendant has a serious medical condition (which is not supported by any recent medical evidence), he does not allege his health is deteriorating or any other circumstances to warrant release. *See United States v.*

*Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13.").

Although the Court understands Read's concern about COVID-19, it does not possess the authority to reduce his sentence or grant him compassionate release under the facts.  Also, Read has not established that the steps being taken by the BOP and his current facility are insufficient under his personal circumstances.

Accordingly, it is now

**ORDERED:**

Defendant Michael Eugene Read Jr.'s Motion for Reduction in Sentence, Compassionate Release, or Transfer to Home Confinement (Doc. 95) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 11th day of June 2020.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record