UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:15-cr-6-FtM-38MRM

MICHAEL EUGENE READ
_____

### ORDER[1]

Before the Court is pro se Defendant Michael Eugene Read's Motion for Reconsideration for Motion for Compassionate Release. (Doc. 100). The Government has not responded, and the time to do so has expired. For the below reasons, the Court denies the motion.

Defendant serving a 120-month sentence for distributing and possessing child pornography and will be released in about three years. Last month, Defendant moved for a reduction in his sentence, compassionate release, or a transfer to home confinement. (Doc. 95). The Court denied that motion because (1) granting Defendant home confinement fell outside its statutory authority; (2) he did not exhaust his administrative remedies; and (3) he did not show "extraordinary and compelling" reasons to warrant release. (Doc. 98). Defendant now asks the Court to reconsider its decision.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

App'x 253, 254-55 (11th Cir. 2011) (citation omitted).  In deciding such motions, courts use the standards applicable in civil cases.  *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration. Rule 59(e) allows a court to amend or alter its judgment for 28 days.  Fed. R. Civ. P. 59(e).  "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).  Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Under this framework, courts have interpreted three grounds for reconsidering an order:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling.  *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Nor can such motions be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the" court's decision. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  So "[t]he burden is upon the movant to establish the extraordinary circumstances supporting reconsideration."  *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).  Finally, a "court has considerable discretion in deciding whether to grant a

motion for reconsideration.  See *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). Against this backdrop, the Court turns to Defendant's motion.

After considering Defendant's motion, the record, and applicable law, Defendant has shown no intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice.  He first argues that his motion is timely because over thirty days has passed since he asked his warden for compassionate release.  But the record shows otherwise.  The warden denied Defendant's request for compassionate release/reduction in sentence on May 4, 2020.  (Doc. 97-1).  Defendant does not allege that he appealed the denial or presents no evidence of having done so.  Without that information, Defendant still has not exhausted his administrative remedies.  *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States . Elgin*, No. 2:14-cr-129, 2019 U.S. Dist. LEXIS 86571, at *3 (N.D. Ind. May 23, 2019) (denying the defendant's motion for a reduced sentence because the defendant needed to first appeal the warden's decision).

Even if Defendant exhausted his administrative remedies, he still has not shown "extraordinary and compelling" reasons to warrant compassionate release.  This time around Defendant has submitted his BOP medical records to support release.[2]  (Doc. 99). But that is not enough.  When denying the original motion, the Court took as true that Defendant suffered a serious medical condition.  But it denied the motion because Defendant did not his health was deteriorating or any other circumstance to warrant release.  (Doc. 98 at 4).  The same holds true now.

---

[2] Defendant claims that his medical records before incarceration were in his discovery from his criminal trial and he lacks access to the discovery but "this Court does." (Doc. 100 at 1).  Other than Defendant's mental and emotion health reported in the presentence investigative report, the Court does not have Defendant's medical records.  (Doc. 50).

In conclusion, Defendant has failed to establish extraordinary circumstances to support reconsideration.

Accordingly, it is now

**ORDERED:**

Defendant Michael Eugene Read's Motion for Reconsideration for Motion for Compassionate Release (Doc. 100) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 15th day of July 2020.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record