UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 2:15-cr-6-FtM-38MRM

MICHAEL EUGENE READ

## **OPINION AND ORDER**[1]

Before the Court is pro se Defendant Michael Read's Second Motion for Reconsideration (Doc. 102) and the Government's response in opposition (Doc. 103). For the below reasons, the Court denies the motion.

Defendant has served about half of his 120-month sentence for possessing and distributing child pornography. But he wants the Court to reduce his sentence to time served with home confinement (if necessary) because of the COVID-19 pandemic. He first requested this relief three months ago. (Doc. 95). The Court denied that motion because (1) granting Defendant home confinement fell outside its statutory authority; (2) he did not exhaust his administrative remedies; and (3) he did not show "extraordinary and compelling" reasons to warrant release. (Doc. 98). Defendant then asked the Court to reconsider its decision because of medical documents he received and general concerns about being incarcerated during the COVID-19 pandemic. (Doc. 100). The Court denied reconsideration because the record continued to show he did not exhaust his administrative remedies and, even accepting his medical records, he did not show his

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

health was deteriorating.  (Doc. 101).  Defendant's second attempt at reconsideration fares no better.

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 254-55 (11th Cir. 2011) (citation omitted).  In deciding such motions, courts use the standards applicable in civil cases.  *See, e.g.*, *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted).

Federal Rules of Civil Procedure 59 and 60 govern motions for reconsideration.  Rule 59(e) allows a court to amend or alter its judgment for 28 days.  Fed. R. Civ. P. 59(e).  "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted).  Likewise, Rule 60 allows a court to relieve a party from an order for select reasons like "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Under this framework, courts have interpreted three grounds for reconsidering an order:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Advertising of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).  These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling.  *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993).

Even liberally construing Defendant's latest motion, he presents no extraordinary circumstances to support reconsideration. He mainly discusses trying to get medical records that will show "decades of medical care . . . that will substantiate his allegations regarding his medical needs." (Doc. 102 at 2). He even asks the Court "to secure his medical records in order to expedite this tedious process[.]" (Doc. 102 at 2). But in all the Court's prior orders and now, it has assumed Defendant to suffer the alleged medical conditions when finding no extraordinary or compelling circumstances to reduce his sentence. So the records change nothing. Defendant also still has not exhausted his administrative remedies. Further fatal to Defendant getting a sentence reduction is the 18 U.S.C. § 3553(a) factors weigh against compassionate release. The Court already downward varied when sentencing Defendant. (Doc. 55). But nothing in the record warrants another reduction of his sentence. The Court continues to find Defendant to have committed a serious crime and be danger to the community. He possessed over 600 images and videos of prepubescent children engaging in intercourse and other sexual conduct on his computer. As the Court stated at sentencing, Defendant's victims are real. "They are individuals who didn't choose to be in this situation, and they are victimized every time those videos are watched, every time those photographs are distributed." (Doc. 80 at 37).

In conclusion, Defendant has shown no intervening change in controlling law, new evidence, or need to correct clear error or manifest injustice to warrant reconsideration.

Accordingly, it is now

**ORDERED:**

Defendant Michael Read's Second Motion for Reconsideration (Doc. 102) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 24th day of August 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record