UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.    CASE NO.: 2:15-cr-6-FtM-38MRM

MICHAEL EUGENE READ

### **OPINION AND ORDER**[1]

Before the Court is pro se Defendant Michael Read's Motion for Compassionate Release. (Doc. 108). The Government has responded in opposition (Doc. 110), to which Defendant has replied (Doc. 116). After considering the record, applicable law, and parties' arguments, the Court denies the motion.

### **BACKGROUND**

Defendant has served just over half of his 120-month sentence for possessing and distributing child pornography. (Doc. 54). He is sixty-five years old and imprisoned at Coleman Low FCI. But Defendant wants out now. He moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, because of the COVID-19 pandemic. He also claims the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

prison is neither addressing his medical conditions nor protecting him against reinfection. (Doc. 108 at 1; Doc. 116 at 2).

Defendant has been trying for early release since last year. He first moved for home confinement in May 2020. (Doc. 95). The Court denied the request because (1) granting Defendant home confinement fell outside its statutory authority; (2) he did not exhaust his administrative remedies; and (3) he did not show any extraordinary and compelling reason to warrant release. (Doc. 98). Defendant asked the Court to reconsider its decision. The Court declined to do so because he did not exhaust his administrative remedies and did not show his health was deteriorating. (Doc. 101). Still dissatisfied, Defendant again asked the Court to reconsider. That request fared no better. Along with finding Defendant did not meet the exhaustion requirement, the Court found the 18 U.S.C. § 3553(a) factors weighed against compassionate release. (Doc. 105).

Seven months have passed. During that time, Defendant allegedly contracted and recovered from COVID-19. (Doc. 108 at 10). Defendant also received his first COVID vaccination last month and days before filing this motion. (Doc. 110-1).

## DISCUSSION

A district court "may not modify a term of imprisonment once it has been imposed except" under limited circumstances. 18 U.S.C. § 3582(c); *United*

*States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015) (stating a court lacks the inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule"). One circumstance is known as compassionate release, which is available "in any case" where:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of [thirty] days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3353(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i). The defendant seeking compassionate release must prove that a sentence reduction is warranted. *See United States v. Jackson*, No. 3:16-cr-104-J-32JRK3, 2020 WL 3962275, at *1 (M.D. Fla. July 13, 2020), *aff'd,* No. 20-12748, 2021 WL 1400937 (11th Cir. Apr. 14, 2021). Here, Defendant does not meet his burden for two reasons: (1) he shows no extraordinary and compelling reason for a sentence reduction; and (2) the § 3553(a) weigh against his compassionate release.[2]

For "extraordinary and compelling reasons," Defendant says he suffers high cholesterol, high blood pressure, vision issues, hearing loss, low bone

---

[2] The parties also disagree whether Defendant has fully exhausted his administrative remedies. The Court assumes, without deciding, that he has done so because the motion has no substantive merit.

3

density, has a history of smoking, and chronic allergies, sinus infections, and bronchitis. (Doc. 108 at 7-8; Doc. 108-6 at 2-3). These conditions allegedly make him more susceptible to COVID-19. Defendant also criticizes the prison for not protecting inmates during the pandemic and its general medical care. (Doc. 108 at 11-12).

Of Defendant's claimed ailments, only hypertension and smoking can possibly make him more likely to get severely ill from COVID-19. *See People With Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 29, 2021). But hypertension is common in the United States, and Defendant's medical records show he is being treated for it. *See United States v. Jackson*, No. 20-12748, 2021 WL 1400937, at *3 (11th Cir. Apr. 14, 2021) ("As the risk [of becoming severely ill from COVID-19] is only potentially higher [for someone with high blood pressure], we cannot conclude that the district court abused its discretion in denying [the defendant's] motion."). And there's no indication that Defendant is experiencing heart failure. For Defendant's smoking history, it alone or combined with COVID-19 is not enough to constitute an extraordinary circumstance. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming denial of compassionate release where medical conditions only possibly increased a defendant's risk of COVID-19). What is more, Defendant's

health conditions are offset by several factors: (1) Defendant has received at least his first COVID-19 vaccination; (2) he has already contracted and survived the virus; (3) no inmates are currently positive for COVID-19 at Coleman Low FCI; and (4) the BOP has undertaken extensive efforts to control the spread of the virus within its facilities. Taken together, the record does not show that Defendant suffers from a serious medical condition that substantially diminishes his ability to provide self-care in prison and that he is not expected to recover. U.S.S.G. § 1B1.13, cmt. 1(A)(ii). Without showing any extraordinary and compelling reason, compassionate release is not warranted.

Even had Defendant shown an extraordinary and compelling reason, the Court still finds him to be a danger to the community per U.S.S.G. § 1B1.13(2), and the § 3553(a) sentencing factors weigh against his early release. Defendant committed a serious crime. He is in prison because he possessed over 25,000 images of child pornography, many of which were videos. His contraband involved minors under the age of twelve having intercourse with adults, which is sadistic and masochistic. Defendant also used peer-to-peer file sharing for years to distribute child pornography to others like him. Defendant victimized children and continued to do so every time he watched and distributed the images.

5

That's not all. If the Court released Defendant early, he would avoid almost half of his 120-month term of imprisonment. Allowing Defendant to avoid serving such a substantial part of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence. 18 U.S.C. § 3553(a)(2). Although Defendant has made strides while incarcerated, the Court remains convinced a sentence of 120 months is not greater than necessary to achieve the goals of sentencing.

Accordingly, it is now

**ORDERED:**

Defendant Michael Read's Motion for Compassionate Release (Doc. 108) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on April 30, 2021.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record